JS-6

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

**MARTIN LEE GOUGHER,**

                Petitioner,

      v.

**LOUIS MILUSNIC, ACTING WARDEN, et al.,**

                Respondents.

Case No. CV 20-04906-FMO (PD)

**ORDER DISMISSING PETITION**

    Before the Court is the Emergency Petition filed by Petitioner Martin Lee Gougher on June 2, 2020. Petitioner is an inmate at the Federal Correctional Institution ("FCI") in Lompoc, California. Petitioner was convicted in the United States District Court for the Southern District of California of distribution, receipt and possession of child pornography and sentenced in December 2017 to 200 months in custody. *United States v. Martin Lee Gougher*, CR 14-0635-WQH. Petitioner's appeal of this conviction is pending in the Ninth Circuit, which heard oral argument in May 2020. *United States v. Martin Lee Gougher*, No. 18-50352. Petitioner is represented by counsel on appeal.

1

1  In his Petition, Petitioner alleges that he currently has three cases
2  pending in federal court, plans to file another federal case, and has a case
3  pending in state court. Petitioner alleges that he will miss filing deadlines
4  because he has been denied access to the law library. Petitioner attached to
5  his Petition a Memorandum dated April 17, 2020, regarding enhanced Covid-
6  19 Mitigation Measures at FCI Lompoc that include a provision for seeking
7  access to the law library for imminent legal needs. Petitioner alleges that he
8  properly submitted a request and was denied access to the law library.
9  Petitioner asks the Court to vacate his conviction.
10  The Petition is hereby dismissed for the following reasons:
11  1. To the extent the Petition asks the Court to vacate Petitioner's
12  criminal conviction, it is dismissed as premature because Petitioner's
13  direct appeal is currently pending.
14  2. To the extent the Petition raises claims regarding access to the law
15  library, Petitioner should properly file a civil rights action.[1]
16  3. To the extent that Petitioner seeks an extension of deadlines or seeks
17  to submit additional pleadings in his direct appeal, Petitioner is
18  represented by counsel who can make those submissions.
19  4. To the extent that Petitioner needs additional time to meet deadlines
20  in other cases, he can file requests to extend his deadlines based on
21  the information he included in his Petition and the Memorandum that
22  he attached to his Petition. Petitioner signed his Petition on May 25,
23  2020, and it was filed on June 2, 2020. Petitioner has demonstrated

---

[1] A habeas corpus petition is not the proper vehicle for challenging conditions of confinement. The purpose of habeas corpus is to attack the legality of a conviction or the length of a sentence. *See Preiser v. Rodriguez*, 411 U.S. 475, 487-88, 500 (1973). Prisoners wishing to challenge the conditions of their confinement--like library access at the prison--are required to file a civil rights action. *Id.* at 499.

(continued…)

1       that he has access to the court, and thus can submit extension
2       requests as needed.
3   Accordingly, the Petition is Dismissed, and the Ex Parte Application for the
4 United States Marshal to Serve Respondents is Denied.[2]

5

6     IT IS SO ORDERED.

7

8 Dated: June 3, 2020.

9

10                                                                            _____/s/_____
11                                                                             FERNANDO M. OLGUIN
                                                                            United States District Judge

12

...

20 Presented by:

21

22 *[signature: Patricia Donahue]*
    _____
    PATRICIA DONAHUE
23 United States Magistrate Judge

---

[2] The dismissal is without prejudice for Petitioner to file a civil rights action under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), challenging the denial of law library access.

3